Davis Capital, LLC
223 S. Wacker Drive, 84th Floor
Chicago, IL 60606

May 26, 2017

Summit Partners Credit Advisors, L.P.
222 Berkeley Street, 18th Floor
Boston, MA 02116

Re:   Confidentiality Agreement

To whom it may concern:

Summit Partners Credit Advisors, L.P. (the "Recipient") has requested certain information from Davis Capital, LLC (the "Provider") in connection with Recipient's evaluation of a financing transaction with Augusta Acquisition Company, LLC's acquisition of Gill Holding Company, Inc. (collectively, the "Company" and such transactions, the "Proposed Transaction"). In consideration thereof, and as a condition to the Recipient's being furnished such information by or on behalf of the Company, the Recipient agrees, as set forth in this letter agreement (this "Agreement"), to treat confidentially any Confidential Material (as defined below).

"Confidential Material" means non-public, confidential or proprietary information that the Company, Provider or their respective agents or its representatives (including its accountants and attorneys) may furnish regarding the Company or the Proposed Transaction, on or after the date hereof, to the Recipient or the Recipient's affiliates, employees, directors, attorneys, accountants, advisors, potential financing sources, related funds, investors or other authorized representatives (collectively, "Representatives"), regardless of the form in which such information is communicated or maintained. However, "Confidential Material" does not include any information that (i) at the time of disclosure or thereafter is generally available to and known by the public (other than as a result of a disclosure in violation of this Agreement directly or indirectly by the Recipient or the Recipient's Representatives), (ii) was available to the Recipient on a non-confidential basis from a source other than the Company, Provider or their respective advisors, provided that such source was not known by the Recipient to be bound by a confidentiality agreement, or (iii) was independently acquired or developed by the Recipient without violating any provision of this Agreement.

Notwithstanding anything to the contrary herein, the terms, restrictions and obligations of this agreement shall not apply to any of Recipient's Representatives, portfolio companies, affiliated funds or portfolio companies thereof who do not actually receive Confidential Material.

The Recipient agrees that the Confidential Material will be kept confidential by the Recipient and, except with the specific prior written consent of the Company, Provider or as expressly otherwise permitted by the terms hereof, will not be disclosed by the Recipient to any person, other than (i) those of the Recipient's Representatives that need to know such information solely for the purpose of evaluating the Proposed Transaction (it being understood that, before disclosing the Confidential Material or any portion thereof to such Representatives, the Recipient will inform such Representatives of the confidential nature of the Confidential Material) and, for clarity, (ii) the Company and Provider. The Recipient agrees to be responsible for any breach of this Agreement by the Recipient's Representatives.

If the Recipient is requested or required, by law or regulatory process, oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process, to disclose Confidential Material, the Recipient will provide the Provider with prompt notice of such event (except in connection with an audit or examination conducted by a governmental or regulatory body and to the extent that such notice is practicable and does not contravene any applicable law or similar regulation) so that the Provider or the Company may seek a protective order or other appropriate remedy or waive compliance with the applicable provisions of this Agreement by the Recipient. If the Provider or Company determines to seek such protective order or other remedy, the Recipient will use reasonable efforts to cooperate with the Provider and Company in seeking such protective order or other remedy. If such protective order or other remedy has not been obtained and disclosure of Confidential Material is required, or the Company grants a waiver hereunder, the Recipient (i) may furnish that portion (and only that portion) of the Confidential Material which the Recipient believes it is required to disclose and (ii) will exercise reasonable efforts to have confidential treatment accorded any Confidential Material so furnished.

Upon the written request of the Provider or Company at any time, the Recipient will promptly (at Recipient's option) destroy or deliver or cause to be delivered to the Provider or to a person designated by the Provider all documents or other materials in the Recipient's possession constituting Confidential Material, together with all copies thereof; provided, however, that Recipient shall be permitted to retain Confidential Material in order to comply with law, regulation and its internal document retention and compliance policies (including automated computer backup policies).

Except as may be otherwise expressly agreed to in a written instrument or agreement that may be entered into by the Company and the Recipient after the date hereof, (i) neither the Company nor its agents or its representatives makes any representation or warranty, express or implied, as to the accuracy or completeness of the Confidential Material or any other information provided to the Recipient by or on behalf of the Company, its agents or representatives in connection with matters contemplated hereby and the Recipient shall not, and is not entitled to, rely on the Confidential Material or any other information so provided to the Recipient by or on behalf of the Company, and (ii) neither the Company nor any of its agents, representatives or affiliates shall have any liability to the Recipient or any other party resulting from the use of the Confidential Material by the Recipient. The Recipient agrees and acknowledges that neither the Provider nor the Company has granted the Recipient any license, copyright, or similar right with respect to any Confidential Material.

As used in this Agreement, (i) the term "person" shall mean any individual, corporation, company, association, partnership, joint venture, trust or other unincorporated organization or entity, and

(ii) "including" and correlative terms shall be deemed to be followed by "without limitation" unless already followed by such phrase or phrase of like import.

This Agreement may be modified or amended only by a separate writing signed by the Provider and the Recipient expressly so modifying or amending this Agreement.

This Agreement supersedes all prior oral or written agreements or understandings that may exist between the parties hereto in respect of any Confidential Material.

The Recipient acknowledges that any breach of this Agreement by the Recipient may cause the Company irreparable harm. Accordingly, the Recipient also agrees that in the event of any breach or threatened breach of this Agreement, the Company, in addition to any other remedies at law or in equity it may have, shall be entitled to seek, without the requirement of posting a bond or other security, equitable relief, including injunctive relief and specific performance.

No failure or delay by any party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect to the fullest extent permitted by law.

The Recipient and the Provider agree and consent to ==personal jurisdiction and venue in any federal or state court within the State of New York== having subject matter jurisdiction, for the purposes of any action, suit or proceeding arising out of or relating to this Agreement. To the fullest extent permitted by law, the Recipient and the Provider hereby agree to waive trial by jury in any action proceeding or counterclaim brought by or on behalf of either party with respect to any matter whatsoever relating to this Agreement.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to principles of conflicts of laws.

This Agreement may be executed in two or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original but all of which taken together shall constitute one and the same instrument.

The terms of this Agreement shall expire upon the earlier of (i) the expiration of the Provider's obligations to the source of the information (if applicable), (ii) the execution of definitive documentation evidencing the Proposed Transaction and (iii) one (1) year from the date first written above.

For the avoidance of doubt, this Agreement also applies to Confidential Material accessed through any electronic data room and supersedes any "click through" acknowledgement or agreement associated with any such electronic data room.

[signature page follows]

If you are in agreement with the foregoing, please sign and return one copy of this letter, which thereupon will constitute a binding agreement between us with respect to the subject matter hereof.

Very truly yours,

Davis Capital, LLC

By: *[signature]*

Name: John K. Olsen
Title: Managing Director

Confirmed and agreed to as of the date first above written:

SUMMIT PARTNERS CREDIT ADVISORS, L.P.

By: *[signature]*
Name: JAMES FREELAND
Title: MANAGING DIRECTOR