# Davis McGrath llc
### Attorneys at Law
■ ■ ■
Suite 1380
125 South Wacker Drive
Chicago, Illinois 60606-4478
(312) 332-3033

Juris Kins  
(312) 782-8477

jkins@davismcgrath.com  
Fax (312) 332-6376

December 7, 2017

<u>Via Fax (wolfordr@millerjohnson.com) and U.S. Mail</u>  
Robert D. Wolford  
Miller Johnson  
45 Ottawa Ave. SW  
Suite 1100  
Grand Rapids, MI 49501-0306

     Re: <u>Davis Capital v. Gill Holding Company, Inc., et al.</u>

Dear Mr. Wolford:

  We represent Davis Capital and its claims against Gill Holding Company, Inc. ("Gill") and the other parties involved in the wrongful conduct. Following up on our telephone call today, the basis for the claims is as follows:

  Gill had financial problems and was under pressure on a Chase Bank loan and considered the sale of the company as a resolution ("Transaction"). A confidentiality agreement was entered into on July 6, 2016, by an agent of Augusta Acquisition Co. ("Augusta"), as buyer, and an agent for Gill, as seller. Gill met with Davis Capital and knew its role in assisting in finding financing and equity partners for the Transaction. Davis Capital brought in Summit Partners Credit Advisors, L.P. ("Summit") to provide the financing. Summit executed a confidentiality agreement with Davis Capital, dated May 26, 2017. Because of the efforts of Davis Capital, Summit submitted a term sheet through Davis Capital on July 25, 2017, for a $90 million loan to finance the Transaction. A letter of intent, dated August 7, 2017, was signed by Augusta, Gill, and a Gill shareholder for the sale of all of the capital stock of Gill. However, on September 14, 2017, Gill notified Davis Capital that it was no longer selling the company but needed financing to avoid a "work out" of the loan with Chase Bank. Davis Capital was willing to have Gill work directly with Summit subject to Gill's agreement to pay a 2.75% corporate finance fee ($2.475 million) on a $90 million loan. Davis Capital sent its Corporate Finance Services Letter Agreement to Gill by email on September 15, 2017. Gill did not sign the letter but nevertheless continued to work with Summit. Upon learning that Gill had continued dealing with Summit, Davis Capital sent an invoice for $2,475,000 to Gill on October 27, 2017. It has been ignored.

  Based on the forgoing, Gill went behind Davis Capital's back and induced Summit to deal with it directly and not pay a fee to Davis Capital. Because Davis Capital brought Summit to the table Gill was able to get financing to take out Chase Bank and not have to sell the company. We

DAVIS MCGRATH LLC

believe Davis Capital has claims against Gill for interference with Davis's agreement with Summit, interference with prospective economic advantage, and unjust enrichment. But for the wrongful conduct, Davis Capital would have been entitled to $6.5 million in fees if the Transaction had been completed. In addition, Augusta has incurred substantial damages which caused it to lose any possible expectancy of the purchase of Gill or an interest therein.

Claims against Gill and Deloitte include claims by both Davis Capital and Augusta for tortious interference with prospective advantage, inducing breach of contract (the NDA between Davis Capital and Summit), and unjust enrichment. There may be additional claims.

Davis Capital's claims against Summit include breach of contract, unfair competition under New York law, and unjust enrichment. See, Goodrich Capital, LLC, et al. v. Vector Capital Corp., 2012 Westlaw 4123401 (S.D.N.Y. June 26, 2012). There may be additional claims.

Davis Capital is willing to settle all claims for $2.475 million, including a release of claims by Augusta. We believe that the Summit loan closing may be imminent. We demand that payment of $2.475 million to Davis Capital be included in the closing proceeds. It can be paid by Gill and/or Summit. If you accept this settlement, the proceeds of the settlement to Davis Capital may be held in escrow until mutual releases are executed by the parties, which shall occur on or before December 20, 2017. Needless to say, if this is not resolved in this manner, the Davis Capital parties will pursue their legal remedies.

Very truly yours,

Juris Kins

Cc: Kevin Messerle (kmesserle@summitpartners.com)
Jamie Freeland (jfreeland@summitpartners.com)